■ In the Matter of GARDEN TOWERS Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. In the Matter of YONKERS GARDENS COMPANY, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.— In separate proceedings to review determination of the respondents (1) granting petitioner Yonkers Gardens Company a hardship rental increase of only 2.93% and (2) denying any hardship rental increase to petitioner Garden Towers Company, petitioners appeal from two judgments (one in each proceeding) of the Supreme Court, Westchester County, both dated January 29, 1979, which dismissed the respective petitions. Judgments reversed, on the law, with separate bills of $50 costs and disbursements, and matters remitted to the respondent State Division of Housing and Community Renewal for further proceedings not inconsistent herewith. In our opinion, the respondents erroneously included the proceeds of condemnation awards made to each petitioner as rental income. We believe that this constituted an abuse of discretion because, pursuant to the Emergency Tenant Protection Regulations (9 NYCRR 2502.4 [c]), a hardship rental increase may be granted where "the division finds that the rate of such rent adjustment is not sufficient to enable the owner to maintain approximately the same ratio between operating expenses * * * and *gross rents"* (emphasis added). The Emergency Tenant Protection Regulations (9 NYCRR 2500.2 [d]) defines rent as being, "Consideration, including any bonus, benefit or gratuity demanded or received for or in connection with the use or occupancy of housing accommodations or the transfer of a lease of such housing accommodations." Clearly, a condemnation award does not fit this definition. Rather, we agree with petitioners that the proceeds of a condemnation award represent an involuntary return of capital which may not, under the regulations promulgated by the division, be treated as rental income for purposes of a hardship rental increase application. While it is true that the division is vested with a broad range of discretion, this does not give it the power to violate its own rules. However, we agree with Special Term that certain 1975 rental rollback recoveries were properly considered for the year 1976, such being purely within the broad discretion granted to respondents in determining petitioners' total economic situation. Finally, the mathematical method utilized by the respondents in computing the hardship award for petitioner Yonkers Gardens Company is not unreasonable and represents an appropriate means by which the respondents seek to comply with the statutory intent (see Emergency Tenant Protection Act of Nineteen Seventy-Four, L 1974, ch 576, § 4 [§ 6, subd d]). Rabin, J. P., Gulotta, Martuscello and Mangano, JJ., concur.